Charles W. **BERGSTROM** et al.,
Plaintiffs,

v.

Henry **KISSINGER** et al., Defendants.

Civ. A. No. 74-837.

United States District Court,
District of Columbia.

Dec. 16, 1974.

Murray J. Belman, Washington, D. C.,
for plaintiffs.

Michael A. Katz, Asst. U. S. Atty.,
Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Plaintiffs, seven former members of the Foreign Service, have brought suit against the Secretary of State and the Director of the United States Information Agency alleging that they were involuntarily retired from the Service on various dates between July 31, 1969, and June 30, 1971. They seek a declaratory judgment that the actions of the Department of State and USIA in effecting their retirements were contrary to law, and an order from the Court directing that they be reinstated immediately in the Foreign Service, and that each of them be given an impartial hearing, conducted in conformity with the requirements set forth in this Court's recent decision in Lindsay v. Kissinger, 367 F. Supp. 949 (1973), to determine the propriety of his involuntary retirement. The matter was heard on briefs and argument; both parties have cross-moved for summary judgment.

Lindsay was a class action certified on behalf of a class consisting of All Foreign Service Officers and Foreign Service Information Officers *presently employed* by State or USIA who have been or may prior to final judgment be designated for involuntary retirement for failure to maintain the required standard of performance pursuant to § 633(a)(2) of the Foreign Service Act, as amended, 22 U.S.C. § 1003(a)(2) (1970).

The crux of the complaint in the instant case is that the plaintiffs did not receive a hearing of the nature contemplated by *Lindsay* and that while defendants granted them a limited administrative review after *Lindsay* was decided, they have refused to apply *Lindsay* retroactively. When this action was

filed on June 3, 1974, plaintiff Hawes had been separated for four years and ten months; Conduras for four years, one month; Bergstrom, Campbell and Crowne, three years, nine months; Carney, three years, three months; Grunwald, two years, eleven months.

Plaintiffs urge that because they assisted the *Lindsay* litigation, as they did, and because they relied on legal advice of attorneys responsible for that litigation and did not join the action they should now be allowed retroactive consideration. The issue of retroactivity is not so easily resolved.

The number of officers selected out for substandard performance prior to *Lindsay* is approximately 779, consisting of 685 Foreign Service Officers and 94 USIA officers. This in itself suggests enormous administrative difficulties. There is no absolute rule of retroactivity in the area of quasi-constitutional adjudication such as here presented. The Court must apply the standards outlined by Justice Stewart for the Court in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and like cases.

*Lindsay* was not a major departure from earlier precedent. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), foreshadowed this Court's decision in *Lindsay*, which merely perfected existing procedures in the light of these holdings. At the time of the selections-out herein complained of, neither *Roth* nor *Perry* had been decided by the Supreme Court. Indeed, defendants were entitled to rely upon the prior case law upholding the denial of a hearing at the time of the selection-out cases here presented and plaintiffs here were generally on notice of any rights they might have long before *Lindsay* came to decision. These factors clearly favor prospectivity and not retroactivity.

Moreover, retrospective application would retard operation of the *Lindsay* rule. The Court balanced the "inconvenience, expense and proper government objectives against the rights of the individuals affected", (367 F.Supp. at 954), and concluded that certain additional prospective prophylatic steps were desirable. These steps require substantial adjustments within the agencies and are not without administrative difficulties. The judgment was entered without giving any weight to many practical problems that arise if these cases are to be reopened. The Supreme Court in Gosa v. Mayden, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973), a retroactivity case, was obviously concerned with serious and unreasonable inequities which would result to the Government if retrospective application were there required. Such considerations should also preclude retrospective application of *Lindsay*, which is analogous in several important ways.

"Selection-out" for substandard performance has been in effect in various forms in the Foreign Service for over twenty years. It would be a monumental, and in the end futile, task to marshal all persons involved in past "selection-out" actions for a *Lindsay*-type proceeding. Foreign Service personnel may retire at age fifty and many do so. Often ratings were prepared by employees in other federal agencies or organizations over which the State Department has no authority. As noted in *Gosa*, the passage of years creates memory lapses as well as the loss of relevant documentary evidence. To cite a further difficult problem, the absence of low-ranking statements prior to 1972 prepared by the then-Selection Boards would frustrate the *Lindsay* requirement that an officer must be notified of the reasons for the Selection Board's decision. Indeed, compliance with *Lindsay* is all but impossible in past "selection-out" cases because of the loose generalities and imprecision of the documentation.

The entire concept of a competitive Foreign Service requires contemporaneous comparison of one officer with an-

other. Any attempt to reconstruct a desirable form of hearing several years after plaintiffs were separated from the Service would be purely formalistic. From a careful study of procedures and the nature of data relied on, the Court is satisfied it would be impossible to reconstruct facts bearing on the relative merits of these plaintiffs versus the other officers then serving in their classes. Furthermore, without a *de novo* review of all the records considered by the Selection Boards bearing on performance of all officers then under consideration, it is difficult to see how a specially created current Review Board could determine whether or not one individual officer correctly deserved his low ranking.

In short, the record will be stale and it is extremely doubtful that the public interest will be served by any invalidation of discharges previously considered final. Plaintiffs suggest that they are the only persons that need be considered and that they stand ready to forfeit some of the rights granted by *Lindsay* if they can only be granted a hearing and reinstatement. But if a rule is to be retroactive it must be so to all affected and the indications of administrative difficulty cannot be avoided by making the retroactive hearing different from the prospective hearing and allowing only a few to benefit by retroactivity.

The Court has concluded in its discretion that retroactivity should be denied. It is not required as a matter of law and after considering the administrative and other considerations mentioned above the Court refuses to exercise its discretion in favor of retroactivity. There were issues of fact that make any definitive decision on the question of laches impossible, but petitioners have simply not made out a case for reinstatement and re-examination of their separations. In view of these findings of fact and conclusions of law, summary judgment is granted in favor of defendants on the issue of retroactivity and plaintiffs' motion for summary judgment is denied.

So ordered.